Green, J.,
delivered the opinion of the court.
This is an action on the case. The declaration alleges that the defendant, in consideration of the sum of five hundred dollars, to be thereafter paid to him by said plaintiff, undertook, promised, and agreed to, and with the said plaintiff, that he, said defendant, was the owner of a negro girl named Mary, aged about sixteen or seventeen years, which he had shortly before the time aforesaid, left with a Mr. Carter, to be delivered of a child; that said negro girl was, in quality, number one; that plaintiff was to call and see the girl, and if she suited the description given of her by defendant, he was to report to one Samuel Eskridge, whether he was or not, satisfied with the girl; which he did. Said negro girl was to remain at Mr. Carter’s till after she was delivered of the child, with which she was then pregnant, and for ten days after the birth of said child; and after the expiration of said ten days, if said negro girl and child did well, then, and in that event, *554 said, plaintiff was to take and receive said negro girl and child, and pay to said Samuel Eskridge, for the use of said defendant, said sum of five hundred and fifty dollars, the price agreed upon for said negro girl and child. Averment, that plaintiff had been put to trouble and expense, in going to see the girl, and in reporting to Eskridge, and in obtaining the money to pay for the girl; but the defendant, not regarding his contract, removed the girl from Carter’s to parts unknown, before she was delivered of the child, to plaintiff’s damage, &c.
On the trial, the court instructed the jury, that no sufficient cause of action was stated in the declaration. The jury found for the defendant, and the plaintiff excepted to the instruction of the court, and appealed in error to this court.
We think the instruction of the court to the jury was correct.
In the case of Cooke vs. Oxley, 3 T. R., 345, the declaration stated, that on, &c., a certain discourse was had, &c., concerning the buying two hundred and sixty-six hogsheads of tobacco; and in that discourse the defendant proposed to the plaintiff that the former should sell and deliver to the latter the said two hundred and sixty-six hogsheads at a certain price ; whereupon the plaintiff desired the defendant to give him, the plaintiff, time to agree to, or dissent from the proposal, until the hour of four in the afternoon of that day ; to which the defendant agreed; and, thereupon, the defendant proposed to the plaintiff to sell and deliver the same upon the terms aforesaid, if the plaintiff would agree to purchase them upon the terms aforesaid, and would give notice thereof to the defendant before the hour of four in the afternoon of that day. The plaintiff averred he did agree to purchase the same upon the terms aforesaid, and- did give notice thereof to the defendant before the hour of four in the afternoon of that day. He also averred he requested the defendant to deliver him the said hogsheads, and offered to pay to the defendant the said price for the same; yet the defendant would not, &c.
*555 The court held, that at the time of entering into the contract, the engagement was all on one side; the other party was not bound; it was, therefore, nudum pactum.
The counsel for the plaintiff in error, ingeniously endeavored to establish a distinction between that case and the one at bar. We cannot perceive the -distinction.
In this case, the defendant agreed to permit the slave to remain at Carter’s until she was delivered of a child, and ten days thereafter; and to allow the plaintiff until that time to determine whether he would purchase the slave at the price agreed on; but before the girl was delivered of the child the defendant removed her to parts unknown.
Now, it is clear there was no obligation upon the plaintiff at the time this agreement was made. As Lord Kenyon said, in Cooke vs. Oxley, the engagement was all on one side, and was, therefore, nudum pactum.
The condition that the plaintiff was to see the girl, and if she suited the description given of her, he was to report to Eskridge, would make the case fall within the same principle, had there been no additional condition in relation to the birth of the child; and the existence of that additional condition makes the case stronger against this action than the case of Cooke vs. Oxley.
We, therefore, affirm the judgment.